In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



 NO. 09-03-095 CR 


NO. 09-03-096 CR


____________________



LAWRENCE HARDIN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause Nos. 87483 and 87484






MEMORANDUM OPINION (1)


 Lawrence Hardin entered guilty pleas to separate indictments for aggravated
robbery. The appellant concedes that a plea bargain agreement between Hardin and the
State limited the upper range of punishment. Following that agreement, the trial court
convicted Hardin and assessed punishment in each case at 15 years of confinement in the
Texas Department of Criminal Justice, Institutional Division. Hardin filed pro se notices
of appeal on February 11, 2003.

 In each case, the trial court entered a certification of the defendant's right to appeal
in which the court certified that this is a plea-bargain case, and the defendant has no right
of appeal. See Tex. R. App. P. 25.2(a)(2). The trial court's certifications are included in
the records on appeal.

 On February 19, 2003, we notified the parties that the appeals would be dismissed
unless amended certifications were filed within thirty days of the date of the notices and
made part of the appellate records by March 21, 2003. See Tex. R. App. P. 37.1. The
records have not been supplemented with amended certifications. In each case, because
a certification that shows the defendant has the right of appeal has not been made part of
the record, the appeal must be dismissed. See Tex. R. App. P. 25.2(d).

 Accordingly, we dismiss the appeals for want of jurisdiction.

 APPEALS DISMISSED.

 PER CURIAM

Opinion Delivered March 27, 2003 

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.